IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MIMS, | ) |
| | ) |
| Plaintiff, | )   2:20-CV-01814-CCW |
| v. | ) |
| | ) |
| CITY OF NEW CASTLE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Before the Court is Defendant City of New Castle's Motion to Dismiss the Second Amended Complaint for failure to state a claim and because certain allegations are time-barred. *See* ECF Nos. 31 & 33.

For the reasons that follow, New Castle's Motion to Dismiss will be GRANTED.

**I.  Background**

**A. Procedural History**

Mr. Mims filed his initial complaint on November 18, 2020, and then his first amended complaint on February 24, 2021. *See* ECF Nos. 1, 10, & 11. The first amended complaint included eleven constitutional, federal, and state claims, which stem from the alleged discriminatory enforcement of the City's building code against Mr. Mims and his rental properties. *See* ECF No. 11. New Castle moved to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 12. The Court dismissed all counts without prejudice and with leave to amend except for Count IV, Violation of 42 U.S.C. § 1983 – Commerce Clause, which was dismissed with prejudice and without leave to amend. *See* ECF Nos. 26 & 27.

Mr. Mims has now filed his Second Amended Complaint, which includes six Counts: Count I alleges a violation of Due Process under the federal and Pennsylvania constitutions;

1

Counts II and III allege violations under 42 U.S.C. § 1983; Count IV alleges a violation of 42 U.S.C. § 1982; Count V alleges a violation of the federal Fair Housing Act, 41 U.S.C. § 3601 *et seq.*; and Count VI alleges a state law claim for abuse of process. *See* ECF No. 30. Following Mr. Mims' conferral with New Castle, Mr. Mims voluntarily withdrew Count VI, thus, the Court will dismiss Count VI with prejudice. *See* ECF No. 34 at 3.

New Castle's Motion to Dismiss is now fully briefed, *see* ECF Nos. 33, 34, & 36, and ripe for disposition.

### B. Relevant Factual Allegations

Mr. Mims' Second Amended Complaint is predicated on the same factual allegations as the first amended complaint, which the Court detailed in its prior opinion. *See* ECF No. 26 at 2–4. Again, Mr. Mims alleges the following occurred from "approximately 2006 through January 2019": (1) New Castle deprived Mr. Mims of his right to rent his units located in New Castle for a period of approximately 30 to 90 days at a time, ECF No. 30 ¶ 60; (2) New Castle subjected Mr. Mims' properties to "numerous additional, non-permit related inspections" without explanation, *id.* ¶¶ 61–62; and (3) New Castle issued to Mr. Mims and/or his realty company at least 50 separate violations of the International Property Maintenance Code, *id.* ¶ 63. Unlike the first amended complaint, which did "not identify or describe any specific citation, failed inspection report, or denial of occupancy permit[,]" ECF No. 26 at 4, the Second Amended Complaint includes an exhibit with enforcement citations, inspections, and notices issued by New Castle to Mr. Mims, *see* ECF No. 30–4[1], as well as depositions of former New Castle employees taken in another action regarding the allegedly "radical and unjustifiable" enforcement of New Castle's rental inspection program. *See* ECF No. 30 ¶ 34; *see* ECF Nos. 30-1, 30-2, & 30-3.

---

[1] These documents include Inspection Violation Notices, Orders to Vacate, and Summary Trial Notices, among others. *See* ECF No. 30-4.

2

Additionally, the Second Amended Complaint alleges that, in or around March 2020, New Castle restricted Mr. Mims' "ability to purchase real property . . . by refusing to take up the matter at City Council meetings." *See* ECF No. 30 ¶¶ 80–81. Mr. Mims alleges that he attempted to purchase a property in the downtown area of the City of New Castle, identified as Parcel 02-138100, from the Lawrence County repository and was the only person who placed a bid for that property (the "Repository Property"). *Id.* Mr. Mims alleges that at time he submitted his bid, he "was in good standing with respect to his real estate tax obligations and had no outstanding citations against any of his properties within the City of New Castle that would serve as a basis to deny his request to purchase the property." *Id.* ¶¶ 83–84. According to Mr. Mims, in or around March of 2020, he proposed purchase of the Repository Property to New Castle City Council (the "Council") for a vote, which refused to vote on the matter and tabled the issue. *Id.* ¶¶ 85–86. On or about March 27, 2020, Mr. Mims delivered a letter to the Solicitor for the New Castle requesting an explanation why the Council refused to vote on his requested purchase of the Repository Property and demanded that the issue be considered during the next city council meeting. *Id.* ¶ 87 (citing ECF No. 30-5). Mr. Mims alleges that the Council neither responded to the letter nor addressed the issue at the next meeting. *Id.* ¶ 88. Then, on March 30, 2020, Mr. Mims submitted "a Right-To-Know request" for an explanation, which was referred New Castle's legal department. *Id.* ¶ 89. By letter, New Castle informed Mr. Mims that it would respond to his RTK request by April 30, 2020. *Id.* ¶ 90. Mr. Mims alleges that he never received a response and that as of the date of the Second Amended Complaint his request to purchase property has never been taken up by the Council for a vote. *Id.* ¶¶ 91–92.

**II.      Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The complaint does not need to contain detailed factual allegations to survive a motion to dismiss; however, it cannot rest on mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.* Accordingly, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and "be sufficient . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully*.*" *Id.* (quoting *Twombly* 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded allegations, a court should assume their veracity and then determine whether they plausibly give risk to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). That said, under Rule 8's notice pleading standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*, a plaintiff need only "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

4

Although the defenses listed in Rule 12(b) do not explicitly permit the assertion of a statute of limitations defense, "the law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6)," so long as the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002); *id.* (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). Accordingly, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson*, 313 F.3d at 135 (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

Finally, in deciding a "motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Accordingly, the Court may rely on the Exhibits attached to Mr. Mims' Second Amended Complaint, such as the Code Enforcement Citation records, ECF No. 30–4, when assessing New Castle's Motion to Dismiss.

**III.   Discussion**

New Castle's Motion raises both procedural and substantive arguments in favor of dismissal of Mr. Mims' complaint. ECF No. 33. The Court will first address New Castle's arguments that Mr. Mims' claims based on the code enforcement decisions, citations, and inspections are barred by the relevant statutes of limitations. *Id*. The Court will then turn to New Castle's arguments regarding Mr. Mims' claims that New Castle refused to consider his purchase of Repository Property in March 2020. *Id*.

### A.  Claims Based on the Code Enforcement Decisions, Citations, and Inspections Are Time Barred by the Applicable Statute of Limitations

New Castle argues that many of Mr. Mims' claims are barred by the relevant statutes of limitations. *See* ECF No. 33 at 9, 14, 17, & 19. As discussed, the running of a statute of limitations is an affirmative defense per Fed. R. Civ. P. 8(c). However, "[i]f a plaintiff's allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim." *Braun v. Gonzales*, 557 F. App'x 176, 178 (3d Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Additionally, because Mr. Mims did not respond to New Castle's statute of limitations defense in his responsive brief, *see generally* ECF No. 34, the Court finds that Mr. Mims waived any argument addressing this issue. *See Cole v. Cent. Greene Sch. Dist.*, Civil Action No. 2:19-cv-00375, 2020 U.S. Dist. LEXIS 52380 (W.D. Pa. Mar. 26, 2020) (Eddy, M. J.) (collecting cases finding waiver upon plaintiff's opportunity to respond to defendant's motion to dismiss and failure to do so).

Even if Mr. Mims had not waived his arguments with respect to the statute of limitations, to the extent that Counts I through V are based on the code enforcement decisions, citations, and inspections, they are time-barred.

#### 1.  Counts I, II, III: Claims Brought Pursuant to 42 U.S.C. § 1983

The Second Amended Complaint asserts several claims predicated on 42 U.S.C. § 1983, including a violation of due process under the federal and Pennsylvania constitutions (Count I), a violation of equal protection under 42 U.S.C. § 1983 (Count II), and a violation of due process under 42 U.S.C. § 1983 and the Fourteenth Amendment (Count III). ECF No. 30 ¶¶ 99–141.

### a.  Redundancies of Count I and Count III

As a preliminary matter, there appears to be an overlap between Count I and Count III. Although alleged as separate counts, based on the Second Amended Complaint and Mr. Mims' clarification in his briefing, ECF No. 34 at 4–6, it appears that both Count I and Count III are intended to address Mr. Mims' procedural due process rights. Specifically, Count I alleges a violation of the United States Constitution and the Pennsylvania Constitution whereas Count III alleges, under 42 U.S.C. § 1983, a violation of his rights under the Fourteenth Amendment of the United States Constitution.

However, Mr. Mims "does not have a direct cause of action under the United States Constitution. Rather, he must utilize Section 1983 as a vehicle to bring his claims." *Davis v. Bigley*, Civil Action No. 19-716, 2019 U.S. Dist. LEXIS 114618 (W.D. Pa. July 9, 2019) (Kelly, M.J.) *report and recommendation affirmed by* 2019 U.S. Dist. LEXIS 126510 (W.D. Pa. July 30, 2019). Thus, to the extent Mr. Mims seeks redress for procedural due process under the Fourteenth Amendment of the United States Constitution, the Court finds that Count I and Count III are redundant and will dismiss Count I as it relates to the United States Constitution.

With respect to Mr. Mims' remaining Count I claim under the Pennsylvania Constitution, the Court's analysis below with respect to the Fourteenth Amendment applies equally to Mr. Mims' claim under the Pennsylvania Constitution. *See Pa. Game Comm'n v. Marich*, 666 A.2d 253, 255 n. 6 (Pa. 1995) ("[T]he requirements of Article I, Section 1 of the Pennsylvania Constitution are not distinguishable from those of the 14th Amendment ... [and courts] may apply the same analysis to both claims.") (citation omitted). Thus, if Mr. Mims' Section 1983 procedural

due process claim fails, then so does his procedural due process claim under the Pennsylvania constitution.[2]

### b. Pennsylvania's Two-Year Statute of Limitation Applies to 42 U.S.C. § 1983 Claims

The Court now turns to New Castle's statute of limitation arguments with respect to Counts I, II, and III. New Castle argues that, for each of these counts, Pennsylvania's personal injury two-year statute of limitation applies and therefore, the portion of these Counts relying on the issued citations and inspections should be dismissed as time-barred. *See* ECF No. 33 at 9, 14 n.6.

While § 1983 does not contain a specific statute of limitations, "[a]ctions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006); *see also Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). Thus, the Court applies Pennsylvania's two-year statute of limitations. *See Carpenter v. Young*, No. 04-927, 2005 WL 1364787, at *4 (E.D. Pa. May 31, 2005) (citing *Vitalo v. Cabot Corp.*, 399 F.3d 536, 542 (3d Cir. 2005) (citing 42 P.S. § 5524(2))).

On the other hand, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis original). Therefore, since the elements of § 1983 not governed by state law are governed by federal law, the standard rule is that accrual occurs when the plaintiff has a complete and present cause of action—i.e., when the plaintiff can file suit and obtain relief. *See id.* (internal quotations and citations omitted).

---

[2] Further, to the extent Mr. Mims is alleging a private right of action for *damages* for a violation of due process under the Pennsylvania constitution "[t]he Third Circuit has recognized that 'Pennsylvania does not have a statutory equivalent to [42 U.S.C.] § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the [Pennsylvania] constitution.'" *Peterson v. Allegheny Cty.*, No. 2:21-CV-00078-CCW, 2022 WL 280948, at *13 (W.D. Pa. Jan. 31, 2022) (Wiegand, J.) (quoting *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019)); *see also Balletta v. Spadoni*, 47 A.3d 183, 193 (Pa. Commw. Ct. 2012).

### c. Mr. Mims' § 1983 Claims Based on the Code Enforcement Citations and Decisions Are Time Barred

In support of his § 1983 claims, Mr. Mims alleges that New Castle failed to exercise reasonable care in hiring, training, and supervising the New Castle Code Enforcement officers, which resulted in the unlawful exercise of authority by the officers and discriminatory enforcement of the rental inspection program, ECF No. 30 ¶¶ 112–117.

The Court finds that the § 1983 claims based in the enforcement of the rental inspection program are time-barred. Specifically, the Second Amended Complaint argues that New Castle issued citations and conducted unprompted inspections from 2006 to January 2019. *See* ECF No. 30 ¶¶ 63, 65. In making this claim, Mr. Mims does not explicitly identify a citation, failed inspection report, or occupancy permit denial; instead, he attaches various records issued by New Castle. *See* ECF No. 30-4. Although these records display consistent examinations of Mr. Mims' property, they also demonstrate that all these events occurred between August 2004 and 2017. *See id.*

Mr. Mims' complaint was filed on November 18, 2020, *see* ECF No. 1, and therefore, in accordance with the two-year statute of limitations, a triggering event must have occurred within two years prior to that date (*i.e.*, November 18, 2018). Because (1) the cited events in the exhibits all occurred prior to 2018 and (2) the Second Amended Complaint fails on its face to identify any citation, failed inspection report, or occupancy permit denial that occurred *after* November 18, 2018, the Court, having already provided Mr. Mims with an opportunity to amend,[3] finds that the

---

[3] The Court previously found that : "Although Mr. Mims is not necessarily required, at the motion to dismiss stage, to itemize every specific citation, failed inspection report, and denial of occupancy permit, he must do more than make conclusory allegations as to New Castle's alleged custom, policy and practice of taking punitive actions against Mr. Mims due to the characteristics of his tenants. Here, Mr. Mims does not identify or describe the circumstances surrounding a single citation, failed inspection report, or denial of occupancy permit over a 13-year period." ECF No. 26 at 20.

portions of Count I, II, and III which rely on the code enforcement citations, failed inspection reports, and occupancy permit denials are time-barred and thus, dismissed.

        **2.**     **Count IV: Violation of 42 U.S.C. § 1982**

Similar to the prior Counts, New Castle contends that Mr. Mims' Count IV, which is based on 42 U.S.C. § 1982, is also time-barred. *See* ECF No. 33 at 17.

        **a.**     **Pennsylvania's Two-Year Statute of Limitation Applies to 42 U.S.C. § 1983 Claims**

Like § 1983, § 1982 does not contain a statute of limitations. However, "courts that have examined this issue have ruled that the statute of limitations applicable to § 1982 actions is the statute of limitations for personal injury actions for the state in which the § 1982 suit arises." *Carpenter*, 2005 WL 1364787, at *5 (citing *Mitchell v. Cellone*, 291 F. Supp. 2d 368, 372 (W.D. Pa. 2003) (Cohill, J.) (collecting cases), *rev'd on other grounds*, 389 F.3d 86 (3d Cir. 2004)); *see also Spence v. Caputo*, Civil Action No. 2:12-cv-1077, 2015 WL 630294, at *27 (W.D. Pa. Dec. 11, 2014) (Lenihan, J.). As such, the Court will apply Pennsylvania's two-year statute of limitations for Mr. Mims' § 1982 claim. *See Carpenter*, 2005 WL 1364787, at *4 (citing *Vitalo*, 399 F.3d at 542 (citing 42 P.S. § 5524(2))).

        **b.**     **Mr. Mims' § 1982 Claims Based on the Code Enforcement Citations and Decisions Are Time Barred**

Applying the appropriate statute of limitations, the Court finds that Plaintiff's § 1982 allegations are also time-barred. Relying on the same facts as Counts I through III, the Second Amended Complaint alleges that New Castle issued citations and conducted unprompted inspections from 2006 to January 2019. *See* ECF No. 30 ¶¶ 63, 65. Because Mr. Mims' complaint was filed on November 18, 2020, ECF No. 1, a triggering event by New Castle must have occurred two years prior to that date (*i.e.*, November 18, 2018) to comply with the respective two-year statute of limitations. As above, because the alleged code enforcement citations, failed inspection

reports, and occupancy permit denials occurred prior to 2018, and, because the Second Amended Complaint fails on its face to identify any code enforcement citations, failed inspection reports, and occupancy permit denials that occurred after November 18, 2018, the Court finds that the portion of Count IV which relies on the code enforcement citations, failed inspection reports, and occupancy permit denials is time-barred and thus, dismissed.

### 3. Count V: Violation of Federal Fair Housing Act (42 U.S.C. § 3601 *et seq.* & 42 U.S.C. § 3617)

Finally, New Castle argues that Mr. Mims' Count V, which is based on 42 U.S.C. § 3601 *et seq.*, is also time-barred. *See* ECF No. 33 at 19.

#### a. The Fair Housing Act Contains a Two-Year Statute of Limitations

The "FHA explicitly sets forth a two-year statute of limitations" following an alleged discriminatory housing practice. *See Braun v. Gonzales*, 557 Fed. Appx. 176, 179 (3d Cir. 2014) (citing 42 U.S.C. § 3613(a)(1)(A)). More specifically, the accrual of the statute of limitations begins at "the time of the discriminatory act, not the point at which the consequences of the act become painful." *See Mack v. Town of Morristown*, Civil Action No. 15–2946, 2017 WL 2268320, at *4 (D.N.J. May 24, 2017) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

#### b. Mr. Mims' Fair Housing Act Claims Based on the Code Enforcement Citations and Decisions Are Time Barred

Again, Mr. Mims relies on the same inspections and citations referenced in the Counts I through IV—*i.e.*, the "at least fifty (50) separate occasions" of alleged code violations and "frequent, unprompted inspections of [Mr. Mims]'s properties." *See* ECF No. 30 ¶ 149; *id.* ¶ 63–65.

However, as previously discussed, the initial complaint was filed by Mr. Mims on November 18, 2020, and therefore, under 42 U.S.C. § 3613(a)(1)(A), a triggering event must have

11

been occurred two years prior to that date (*i.e.*, November 18, 2018). *See* ECF No. 1. Consistent with the prior analysis, because all the alleged actions took place prior to 2018, and, because the Second Amended Complaint fails on its face to identify any code enforcement citations, failed inspection reports, and occupancy permit denials that occurred after November 18, 2018, the Court finds that Count V is time-barred and thus, dismissed. *See* ECF No. 30–4.

### B. Claims Based on Mr. Mims' Attempt to Purchase the Repository Property Will Be Dismissed for Failure to State a Claim

In Counts I, II, and III, Mr. Mims alleges violations of his constitutional rights with respect to his attempt to purchase real estate from the New Castle repository in March 2020 when the Council tabled a vote on his request. *See* ECF No. 30 ¶¶ 107, 111, & 134. Mr. Mims does not appear to make any claims related to his attempt to purchase real estate in Count IV and Count V.[4] *See* ECF No. 30 ¶¶ 140–166.

### A. Mr. Mims Fails to Identify a Protected Property Interest with respect to His Count I and III Procedural Due Process Claims

New Castle moves to dismiss Count I and Count III[5] on the ground that Mr. Mims does not have a protected property or liberty interest in his attempt to purchase the Repository Property. ECF No. 33 at 10–11. Mr. Mims contends that he has more than an "abstract need or desire" for the Repository Property because he followed the statutory procedure to purchase the property from the repository and the only process preventing him from becoming the record owner was the refusal of City to approve the purchase. ECF No. 34 at 7.

---

[4] Count IV of the Second Amended Complaint does not include allegations related to Mr. Mims's attempt to purchase the Repository Property under § 1982, *see* ECF No. 30 ¶¶ 142–148, and no such allegations appear in Count V under the Fair Housing Act. *See* ECF No. 30 ¶¶ 149–66; ECF No. 33 at 19 n.8 ("No discriminatory purpose has been alleged with respect to Plaintiff's attempt to purchase a parcel of property from the County repository in or around March 2020…Tellingly, Plaintiff does not reference this purchase request in the context of his FHA claim or allege that a right to purchase property in furtherance of personal business interests is a right protected by the FHA.").
[5] The same decisions regarding the redundancies between Count I and Count III discussed above, *see supra* Section III.A.1.a, apply here.

12

To state a claim for a violation of procedural due process, Mr. Mims must allege that (1) he was deprived of an interest that is protected by the Fourteenth Amendment and (2) the procedures available did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006). The Fourteenth Amendment applies to a protected liberty or property interest. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1993). "To have a property interest in something 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.'" *Marinkovic v. Battaglia*, No. 14-cv-49, 2016 U.S. Dist. LEXIS 88913, at *12–12 (W.D. Pa. July 8, 2016) (Hornak, C.J.) (*citing Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972)).

The Court looks to state law to determine the underlying property rights protected by the Fourteenth Amendment, and the "federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause.'" *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 9 (1978) (quoting *Roth*, 408 U.S. at 577); *see Swinka Realty Invs., LLC v. Lackawanna Cnty. Tax Claim Bureau*, No. 3:13-CV-00764, 2016 U.S. Dist. LEXIS 86328, 2016 WL 3618399, at *27 n.10 (M.D. Pa. July 1, 2016), *aff'd*, 688 Fed. App'x 146 (3d Cir. 2017). The Court therefore looks to Pennsylvania law to determine what property interest—if any—Mr. Mims possessed in the Repository Property for which the City has tabled the vote.

Mr. Mims specifies that his claim is not based on the bidding process,[6] but rather that it is the City's violation of its statutory obligation that creates a recognizable due process claim. ECF

---

[6] Nor could he, because under Pennsylvania law a disappointed bidder has no protected property interest to which due process attaches. *Rowbottom v. City of Harrisburg*, No. 19-cv-00657, 2020 U.S. Dist. LEXIS 12315, at *11 (M.D. Pa. Jan. 23, 2020) *report and recommendation adopted by*, 2020 U.S. Dist. LEXIS 145832 (M.D. Pa. Aug. 13, 2020).

No. 34 at 8–9. Mr. Mims points to the Pennsylvania Real Estate Tax Sale Law, 72 P.S. § 5860.101 *et seq.*, governing purchases of property from a county repository. *Id.* Specifically, Mr. Mims alleges that the language stating that a "taxing district may not unreasonably withhold its consent to the sale of the property"[7] "is akin to the entry of a contract that can only be terminated by the County based upon cause." ECF No. 34 at 9 (citing 72 P.S. §5860.627(a)).

Mr. Mims appears to be attempting to fit his alleged property interest into one of the two general types of contracts that the Third Circuit has found create a protectable property interest, specifically a contract "where the contract itself includes a provision that the state entity can terminate the contract only for cause." *Linan-Faye Const. Co. v. Hous. Auth. of City of Camden*, 49 F.3d 915, 932 (3d Cir. 1995). However, there is no contract here or any entitlement to such contract—the Repository Property may be redeemed by the owner at any time before the sale,[8] and the county tax claim bureau, under the plain terms of the Pennsylvania Real Estate Tax Sale Law, has the "discretion, with the ultimate approval of the taxing authorities, to decide whether or not to sell" the property. *Sanders v. Westmoreland Cty. Tax Claim Bureau*, 92 A.3d 97, 101 (Pa. Commw. Ct. 2014) ("Because the Bureau had not received the required taxing authority approvals, it did not have authority to enter into a binding contract to sell the Property. Absent a binding contract, [plaintiff] had no right to require the Bureau to transfer the Property to him.").

---

[7] Prior to the 2021 amendment, 72 P.S. §5860.627(a) read: "The bureau may, with the written consent of all the taxing districts where the property is located, accept an offer of any price for property placed in the 'repository for unsold properties' without court approval and published notice of sale. Any taxing district may not unreasonably withhold its consent to the sale of the property."

[8] *See Hammond v. City of Wilkes-Barre*, No. 3:09-CV-2310, 2011 U.S. Dist. LEXIS 34312 (M.D. Pa. Mar. 30, 2011) (citing 72 P.S. § 5860.308) ("property to be sold pursuant to the Real Estate Tax Sale Law, 72 P.S. § 5860.101 *et seq.*, may be redeemed by the owner at any time before the sale"); *see also Sanders v. Westmoreland Cty. Tax Claim Bureau*, 92 A.3d 97 (Pa. Commw. Ct. 2014) (Although "the statutory language is clear that [a property owner is] precluded from purchasing the Property from the repository [after an upset sale], the Bureau was not prohibited from voluntarily permitting a redemption.").

Thus, the Court finds that Mr. Mims did not have a protected property interest in the Repository Property. Finally, Mr. Mims' argument that the City's violation is one of procedure—specifically that the Council tabled the vote—is not a constitutionally protected property interest. *Rowbottom v. City of Harrisburg*, No. 19-cv-00657, 2020 U.S. Dist. LEXIS 12315, at *11–12 (M.D. Pa. Jan. 23, 2020) *report and recommendation adopted by*, 2020 U.S. Dist. LEXIS 145832 (M.D. Pa. Aug. 13, 2020) (finding that "[t]o the extent the plaintiffs based their due process claims on a municipality's failure to adhere to its own prescribed timeline for accepting or rejecting a bid, it is well established that there is no constitutionally protected property interest in mere procedure."); *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983) ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."); *Clark v. Township of Falls*, 890 F.2d 611, 620 n.4 (3d Cir. 1989) ("A property interest is no more created by the mere fact that a state has established a procedural structure than is a liberty interest."); *District Counsel 33, AFSCME v. City of Philadelphia*, 944 F. Supp. 392, 395 (E.D. Pa. 1995) ("[P]rocedural interests under state law are not themselves property interests that will be enforced in the name of the Constitution.").

Thus, the Court will dismiss Counts I and III as Mr. Mims has not identified a protected property interest under procedural due process.

### A. Mr. Mims Fails to Identify a Similarly Situated Individual with respect to His Count II Equal Protection Claim

New Castle moves to dismiss Mr. Mims' Count II – Equal Protection Claim based on the fact that he has failed to identify any similarly situated landlords in the context of his request to purchase the Repository Property. ECF No. 33 at 13 n.5. Mr. Mims responds that he has sufficiently established an equal protection claim under the "class of one" theory, because all rental property owners, who are subject to the Code, are similarly situated. ECF No. 34 at 10–11. Mr.

15

Mims also points to a 2017 deposition by a code enforcement officer to show that the former mayor sought to prevent Mr. Mims "from purchasing any additional properties within the City of New Castle and would direct his employees to check his property records at the courthouse to see if he could be prevented from purchasing properties at tax upset sales." ECF No. 34 at 13.

To state an Equal Protection claim under a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (discussing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000)). At the motion to dismiss stage, a complaint must allege facts sufficient to make plausible the existence of "similarly situated individuals and allege that the plaintiff was treated differently." *Myers v. Shaffer*, No. 02:11-cv-01107, 2012 U.S. Dist. LEXIS 117993, at *33 (W.D. Pa. Aug. 21, 2012) (McVerry, J.); *Iman v. Borough of Meyersdale*, No. 3:19-cv-36, 2019 U.S. Dist. LEXIS 112405, at *16–17 (W.D. Pa. July 8, 2019) (Gibson, J.) "To be 'similarly situated,' parties must be 'alike in all relevant aspects.'" *Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted)).

Here, Mr. Mims' broad allegation that all rental property owners subject to the Code are similarly situated is uncompelling and does not identify individuals who are alike in all relevant aspects. *See Perano*, 423 F. App'x at 238–39 (affirming dismissal where plaintiff "simply alleged that he was treated differently from 'other similarly situated residential and commercial developers,'" because "[w]ithout more specific factual allegations as to the allegedly similarly situated parties, he has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects"); *Campbell v. Conroy*, No. 2:13-cv-1560-JFC, 2015 U.S. Dist.

LEXIS 110325, at *17 (W.D. Pa. Aug. 20, 2015) (Conti, then-C.J.) (dismissing class of one claim where plaintiff "did not provide any detail about the state of those other properties, *i.e.*, whether they were actually in violation of any code provisions, or whether they were subject to inspection by ordinance officers on the basis of on an ongoing dispute over fire insurance proceeds."). Further, although Mr. Mims has attached deposition transcripts to his Second Amended Complaint indicating that the former mayor in 2017[9] and the council members in 2020 had some concerns with Mr. Mims purchasing property[10] (that appear, at times, to be specific to Mr. Mims), Mr. Mims' Second Amended Complaint has not alleged the existence of a similarly situated individual with respect to the repository sale process in New Castle, generally, or the Repository Property and his attempted purchase in March 2020, specifically.  There may be a question as to the exact contours of a similarly situated individual in all relevant respects, because Mr. Mims was the only bidder on the Repository Property, ECF No. 30 ¶ 82,[11] however that question need not be resolved by the Court because Mr. Mims has not alleged *any* similarly situated individual in the Second Amended Complaint other than broad allegations that all rental property owners subject to the Code are similarly situated to Mr. Mims.

---

[9] *See* ECF No. 30-1 at 32:11–33:3 ("Q. ...What did the Mayor say at those meetings… A: …he doesn't want Mims buying any more properties and that somebody should go to the courthouse and check if he's behind on taxes; because there was a sale coming up and… he was under the understanding that if he had not paid his taxes that he couldn't purchase any more properties, and he wanted that enforced.  Q. That was just for Mr. Mims, not for anybody else? A. It was -- yeah, it was specifically for Mims.); *see also*, ECF No. 30-2 at 37:21–38:7 ("Q. Did the mayor ever tell you that he did not want to see Mr. Mims owning any more property in the [C]ity of New [C]astle? A. To the best of my recollection, the mayor had expressed interest and wished certain property owners would, you know, invest elsewhere.").

[10] *See* ECF No. 30-3 at 78:7–80:10 ("Q: …before presenting the application to City Council for vote is that when Ms. Gavrile and Mr. Smith spoke to you about Mr. Mims?  … A: They emailed me.  … Q: … what was the specific inquiries being made in the emails? A. He had --- There was a lien --- To check for liens for Mr. Mims….").

[11] *See Rowbottom v. City of Harrisburg*, No. 19-cv-00657, 2020 U.S. Dist. LEXIS 12315, at *11–12 (M.D. Pa. Jan. 23, 2020), *report and recommendation adopted by*, 2020 U.S. Dist. LEXIS 145832 (M.D. Pa. Aug. 13, 2020) (dismissing complaint that "failed to identify any other person who submitted an offer to buy the [specific] property off the repository list" and further noting that even for class of one allegations regarding the same parcel of property, a substantial change in circumstances may change whether persons are similarly situated).

Thus, the Court will dismiss Count II as Mr. Mims has not alleged the existence of any similarly situated individual.

### C. Punitive Damages

Lastly, New Castle argues that any punitive damages must be dismissed because a municipality is immune from punitive damages. *See* ECF No. 33 at 20. Mr. Mims responds that punitive damages against New Castle may be permitted by statute under the FHA in extreme situations pursuant to *New Jersey Coalition v. Council of City of Asbury Park*, 152 F.3d 217 (3d Cir. 1998). ECF No. 34 at 19–20.

The Court need not resolve this dispute because, as discussed in the Court's prior opinion, "the availability of punitive damages presupposes the existence of a viable claim." ECF No. 26 at 21. Here, because the Court will dismiss Mr. Mims' Fair Housing Act claim (Count IV), any related claim for punitive damages must also be dismissed.

## IV. Conclusion

For the foregoing reasons, the City's Motion to Dismiss will be GRANTED and Mr. Mims' Second Amended Complaint will be dismissed. Because the Court previously concluded that the Second Amended Complaint would "be the last opportunity for Mr. Mims to amend," ECF No. 27 at 2, the Second Amended Complaint will be dismissed with prejudice.

DATED this 15th day of July, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record